IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| ROBERT S. & VIOLETTE M. KIZZIRE, | ) | CASE NO. BK08-80179-TLS |
| | ) | |
| Debtor(s). | ) | CH. 13 |

ORDER

Hearing was held in Omaha, Nebraska, on July 13, 2009, on the debtors' fourth amended Chapter 13 plan (Fil. #108) and objection by the Chapter 13 trustee (Fil. #110). David Hicks appeared for the debtors, and Thomas Kenny appeared for the Chapter 13 trustee.

The trustee's objection is overruled.

The trustee objects to the debtors' proposed treatment of a debt owed to Great Western Bank. To settle a non-dischargeability action, the debtors agreed to pay the bank $28,252.66 by way of monthly payments of $506.92 through the plan. The trustee argues that the debtors are unfairly discriminating against other unsecured creditors, who will not be paid in full, in favor of fully paying Great Western Bank's unsecured claim.

The parties differ in their interpretations of 11 U.S.C. § 1322(b)(1),[1] which allows unsecured claims to be placed in separate classes as long as the claims in a class are substantially similar and the classification does not result in unfair discrimination among claims that are grouped separately. *See Hanson v. First Bank of South Dakota, N.A.*, 828 F.2d 1310, 1313 (8th Cir. 1987) (holding that § 1122(a) "does not prohibit the placement of substantially similar claims in different classes") and *Mickelson v. Leser (In re Leser)*, 939 F.2d 669, 671-72 (8th Cir. 1991) (observing that Congress must have anticipated some discrimination by allowing for separate classes of unsecured claims, as only unfair discrimination is prohibited (quoting *In re Storberg*, 94 B.R. 144, 146 (Bankr. D. Minn. 1988)).

To assess the extent of classification discrimination in a particular case, courts have developed a four-part test for guidance:
1. whether the discrimination has a reasonable basis;
2. whether the debtor can carry out a plan without the discrimination;
3. whether the discrimination is proposed in good faith; and
4. whether the degree of discrimination is directly related to the basis or rationale for the discrimination.

---

[1]That section states:

(b) Subject to subsections (a) and (c) of this section, the plan may —
(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated[.]

*Leser*, 939 F.2d at 672.

In the present case, the debt to Great Western Bank is non-dischargeable pursuant to a stipulated judgment regarding its claim (*see* Fil. #81). While non-dischargeability alone does not warrant discriminatory treatment, *Groves v. LaBarge*, 160 B.R. 121, 122 (E.D. Mo. 1993), a debtor's proof on the other factors of the test may result in a finding that the classification does not unfairly discriminate.

The debtors assert that they have a reasonable basis for the discrimination because their proposed classification will pay off this claim, compensate the bank for pursuing the matter to judgment, and free up post-discharge income with which to pay student loan debt free of the competing claims of a judgment creditor. These are sound justifications for the separate classification.

The debtors concede that they could carry out the plan without the discrimination, but argue that the reorganization would be less effective and the benefit to the other unsecured creditors would be negligible. They also assert good faith in their proposed plan, pointing out that they have surrendered substantial assets, are making significant monthly payments to the trustee, and are motivated to pay off the bank's non-dischargeable judgment. These factors also favor the debtors' proposed classification scheme.

With regard to the degree of discrimination and its relation to the basis for the discrimination, the debtors argue that the amount of discrimination is inconsequential and certainly not unfair because unsecured creditors will receive approximately 95 percent on their claims, compared to the bank's 100 percent. Unfair discrimination is commonly found where a separately classified unsecured creditor will be paid in full while other unsecured creditors will receive only a small dividend. *See Groves*, *supra*; *In re Kruse*, 406 B.R. 833, 840 (Bankr. N.D. Iowa 2009); *In re Beauchamp*, 283 B.R. 287 (Bankr. D. Minn. 2002); *In re Tennis*, 232 B.R. 403, 405 (Bankr. W.D. Mo. 1999); *In re Keel*, 143 B.R. 915 (Bankr. D. Neb. 1992). Here, the degree of the plan's discrimination against other unsecured creditors is slight but the benefits to the debtors are significant.

The debtors have met their burden of proof to show that their proposed classification of unsecured creditors does not run afoul of § 1322(b)(1). The treatment of Great Western Bank's claim relative to other unsecured claims is not unfairly discriminatory.

IT IS ORDERED: The Chapter 13 trustee's objection to confirmation (Fil. #110) is overruled. The plan may be confirmed.

DATED:  August 11, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *David Hicks
    Thomas Kenny
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.